E-FILED
Tuesday, 28 July, 2026 01:26:55 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| ANDRE WINSTON,<br>      Plaintiff, | )<br>)<br>) |
| v. | ) No. 4:26-cv-4147-SEM-DJQ<br>) |
| CURTIS PARSONS, et al.,<br>      Defendants. | )<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Andre Winston, a civil detainee at the Illinois Department of Human Services' ("IDHS") Treatment and Detention Facility at Rushville, Illinois ("Rushville"), has filed an Amended Complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 12). Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 7). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in*

*forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the Amended Complaint states a federal claim.

## I. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Amended Complaint, Plaintiff was a civil detainee at Rushville. Plaintiff names Program Director Erin Posey, Behavior Committee Members Curtis Parsons, Sharlene Caraway, and Kenneth Queen, IDHS Investigator Cody Waterkotte, White Jason (IT staff), Ashley Gregory (security staff), and John Doe as Defendants.

Plaintiff alleges that an incident report was issued against him on April 29, 2026, for a violation of Rushville's rules or regulations. According to the incident report, Defendant Jason found evidence of two inappropriate website searches in the search history on computer #1 in the law library on April 8, 2026. Plaintiff alleges that Defendant Jason falsely claimed that Plaintiff had been scheduled to use computer #1 at that time. Plaintiff's flash drive was scanned, and multiple folders and files containing inappropriate content were discovered. One of the files purportedly contained an adult film from 2025 titled "City Girls." (Doc. 12 at p. 7). Plaintiff alleges that he did not use computer #1 on the alleged

dates and times and that his flash drive had been in the facility's possession for over two years prior to this incident.

Plaintiff alleges Defendant Jason "sought the help of John Doe to delay serving the 24 hour notice." *Id.* at p. 8. Plaintiff alleges the incident report dated April 29, 2026, was not served upon him until May 6, 2026.

Plaintiff alleges that he was summoned to appear before Rushville's Behavior Committee on May 7, 2026, to answer for a charge that he engaged in behavior that violated Rushville's rules and regulations. Plaintiff told Defendants Behavior Committee Members Parsons, Caraway, and Queen that he was not scheduled to use computer #1 on April 8, 2026, and asked Defendants to review the video evidence and speak with staff members. Defendants Parsons, Caraway, and Queen granted an extension until May 13, 2026, but then sent Plaintiff their decision finding him guilty of the violation. Plaintiff alleges that Defendants Parsons, Caraway, and Queen gave no explanation as to why his evidence was excluded and why he was not called back for another hearing. Plaintiff was placed in segregation.

Plaintiff alleges that he complained to Defendants Posey and Waterkotte about the Behavior Committee's conduct and asked them to review the video footage and other evidence, but Defendants Posey and Waterkotte allegedly refused.

Plaintiff alleges that he notified Defendants Posey and Gregory about a DHS regulation regarding Behavior Committee procedures and informed them that being held in segregation in the Fox Unit without a rule violation was unlawful.

### III. Analysis

Plaintiff's Amended Complaint states a claim for an alleged violation of his Fourteenth Amendment Due Process rights against Defendants Jason, Parsons, Caraway, and Queen. "[D]etainees are entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974) before the imposition of punishment for a disciplinary infraction." *Doolin v. Anton*, 2020 WL 7229675, at *1 (N.D. Ind. Dec. 8, 2020). The procedural protections outlined in *Wolff* include three key components: "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present

documentary evidence in [the prisoner's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Love v. Vanihel*, 73 F.4th 439, 451 (7th Cir. 2023) (quoting *Wolff*, 418 U.S. at 563–67).

Here, Plaintiff alleged that Defendants Jason, Parsons, Caraway, and Queen violated *Wolff's* components. Defendants may have had a valid basis for depriving him of these requirements. For example, officials have discretion whether to allow a prisoner or a detainee to call witnesses. *Wolff*, 418 U.S. at 566 ("Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority[.]"). Moreover, it is not clear whether the punishment imposed upon Plaintiff violated his liberty interest under the Due Process Clause. *Hernandez v. Scott*, 2018 WL 5892356, at *2 (C.D. Ill. Nov. 9, 2018) ("Rushville detainee who faces some restriction on movement or loses some privileges has failed to articulate a deprivation of a protected liberty interest."); *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011) (imposition of

"close" status at Rushville did not trigger procedural due process protections). But these are not decisions that the Court can make without a development of the factual record. *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 694 (7th Cir. 2009) (development of a factual record is generally required for a Due Process Claim).

Plaintiff's sparse allegations against Defendants John Doe, Posey, Waterkotte, and Gregory are insufficient to proceed on a Fourteenth Amendment Due Process claim. Defendants John Doe, Posey, Waterkotte, and Gregory are DISMISSED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Amended Complaint states a claim for an alleged violation of his Fourteenth Amendment Due Process rights against Defendants White Jason, Curtis Parsons, Sharlene Caraway, and Kenneth Queen. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Clerk is directed to ADD White Jason as a Defendant.**

3) **Defendants John Doe, Erin Posey, Cody Waterkotte, and Ashley Gregory are DISMISSED WITHOUT PREJUDICE. The Clerk is directed to TERMINATE Defendants Posey and Waterkotte.**

4) **Plaintiff's Motion for Leave to Proceed in forma pauperis [3] is GRANTED.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to an Answer is necessary or will be considered.**

Page **8** of **10**

8) **This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **If a Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

10) **Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone**

**number will result in the dismissal of this case with prejudice.**

12) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.**

14) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

15) **The Court directs the Clerk to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

ENTERED July 28, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE